MAURIELLO LAW FIRM, APC
THOMAS D. MAURIELLO (144811)
1181 Puerta Del Sol, Suite 120
San Clemente, CA 92673
Telephone: 949/542-3555
Facsimile: 949/606-9690
tomm@maurlaw.com

***Attorneys for Plaintiff NV Custom Living, Inc.***

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NV CUSTOM LIVING, INC., Plaintiff, vs. KEVIN W. WESSELL, 1-800-COMPANY, and DOES NO. 1 THROUGH 50, Defendants | Case No. CV 14-02300 DSF (VBKx) **STATUS REPORT OF PLAINTIFF NV CUSTOM LIVING, INC. REGARDING BANKRUPTCY PROCEEDING OF DEFENDANT KEVIN W. WESSELL** |

Plaintiff NV Custom Living, Inc. ("Plaintiff") hereby provides the following status report on the Bankruptcy proceeding of Defendant Kevin W. Wessel.

**I. Case Background**

On March 25, 2014, Plaintiff NV Custom Living, Inc. filed a complaint in this action naming as Defendants Kevin Wessel ("Wessel") and 1-800-Company ("Company"). Plaintiff filed its First Amended Complaint filed on July 16, 2014. The claims alleged (breach of contract, fraud, negligent misrepresentation, unjust enrichment, and violations of RICO (18 U.S.C. § 1962)) arise from Wessell's inducement that Plaintiff deposit the sum of $319,000 into a Swedish Credit Union called the Alps Credit Union ("Alps") that was in essence a sham orchestrated by

Wessell and his network of affiliated entities – including Company.  Plaintiff lost all of its money deposited.

On July 17, 2014 Plaintiff served both Defendants – Wessel and Company -- by serving Wessel in Florida.  Wessel was an officer, director, member and/or manager of Defendant 1-800-Company, as reflected in the Proof of Service filed on July 18, 2014.  In addition, on July 18, 2014, Company was again served with the Complaint and the First Amended Complaint, this time through service of Company's registered agent for service of process in California, as reflected in the Proof of Service filed on July 24, 2014.

After Company failed to respond to the Complaint, on December 8, 2014, upon Plaintiff's application, the Court issued a default judgment against Company in the amount of $1,113,661.50, consisting of $956,620.14 in damages, $130,669.75 in prejudgment interest, $25,345.76 in attorney's fees, and $1,025.85 in costs.  The $956,620.14 in damages consisted of Plaintiff's actual out of pocket loss, trebled per the RICO statute (18 U.S.C. § 1962).

## II. Wessell's Bankruptcy Filing and Status

On July 18, 2014, after he was served in this action, Defendant Wessel filed a pleading in this action entitled "Notice of Automatic Stay Re: Bankruptcy Filing by Kevin W. Wessel" indicating that Wessel had filed a petition in the United States Bankruptcy Court for the Southern District of Florida, pursuant to Chapter 7 of the Bankruptcy Act, Case Number 14-23969 (the "Bankruptcy Action").  Pursuant to that notice, this case was stayed as to Defendant Wessel.  Although Wessell was aware that Plaintiff was a claimant and creditor of Wessel's, this filing was the first notice that Wessell provided to Plaintiff notifying it of Wessell's bankruptcy filing.

The undersigned counsel reviewed pleadings in Case No. 14-23969-RBR  pending before the United States Bankruptcy Court, Southern District of Florida, (the

"Bankruptcy Action"), and communicated with Plaintiff's Florida bankruptcy counsel in order to determine the following:

On June 18, 2014, Kevin Wessell (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.[1] Shortly thereafter Les S. Osborne was appointed the Chapter 7 Trustee (the "Trustee").

The Trustee retained general counsel and special litigation counsel in the case, and the Trustee's professionals are in the process of identifying and seeking recovery of various assets that constitute property of the Debtor's estate. Accordingly, the Trustee's counsel examined the Debtor and the Debtor's wife via Rule 2004, Fed. R. Bankr. P. It is my understanding that these depositions are ongoing.

The Trustee objected to the Debtor's claimed exemptions[2], and the Court, at the request of the Trustee, extended the Trustee's deadline to file a complaint objecting to the Debtor's discharge through and including **August 31, 2015**.[3] The Bankruptcy Trustee has also successfully defended against several motions to dismiss the Chapter 7 case filed by the Debtor.

Three adversary proceedings have been filed against the Debtor. Case No. 14-01837-RBR *Alexander v. Wessell* and Case No. 15-01033-RBR *Topiwala et al v. Wessell* both involve creditors seeking to have the Bankruptcy Court enter an Order declaring

---

[1] The Debtor's Amended Schedule "F" identified both Neil A. Vacchiano and NV Custom Living as creditors holding (or claiming to hold) general unsecured claims against the Debtor. The Debtor classified these claims as disputed, contingent, and unliquidated.

[2] A continued hearing date on Trustee's objections to the Debtor's claimed exemptions is currently pending.

[3] Should the Trustee object to the Debtor's discharge, and prevail upon his objection, none of the Debtor's debts, including any amount awarded to the Plaintiff in this instant action, will be dischargeable by the Debtor.

their debt as non-dischargeable. The Plaintiff in Case No. 14-01837-RBR *Alexander v. Wessell* prevailed, and the second adversary proceeding - Case No. 15-01033-RBR *Topiwala et al v. Wessell* - is still pending.

Case No. 15-01307-RBR *Osborne, Ch 7 Trustee v. Wessell et al* was filed by the Trustee's special litigation counsel. The Complaint seeks declaratory relief, avoidance of fraudulent transfers, turnover sale of property, objects to unclaimed exemption claims, to the extent they can be asserted by Debtor or the Debtor's wife, and seeks imposition of an equitable lien. The complaint survived the Debtor's motion to dismiss, and the defendants' deadline to respond to the complaint is **July 16, 2015**.

The Trustee's general counsel filed and prevailed upon a motion seeking to substantially consolidate several of the Debtor's alter ego corporations into the Bankruptcy Action. Thus far, those entities substantially consolidated include (i) Alter Ego Corporations, (ii) Incway Corp., (iii) Companies, Inc., (iv) Presidential Services, Inc. n/k/a PSI Holding, Inc. and (v) the Alps.

Finally, the Debtor recently objected to the proof of claim filed by Plaintiff herein on negative notice. Plaintiff is in the process of preparing a response to the claim objection, and, when filed, the Debtor will be obligated to file a local form titled "Certificate of Contested Matter." The court will then set the matter for a preliminary hearing to adjudicate the claim objection.

DATE: July 16, 2015

MAURIELLO LAW FIRM, APC

Thomas D. Mauriello

***Attorneys for Plaintiff NV Custom Living, Inc.***